**R. J. COULTER FUNERAL HOME, INC.,** Wann Funeral Home, Inc., **W. T. Hays & Son, Inc.,** and all other similarly situated funeral directors in the State of Tennessee

v.

**NATIONAL BURIAL INSURANCE COMPANY,** National Funeral Home of Chattanooga, National Mortuary Company, **A. W. Wunderlich,** Cherokee Life Insurance Company, Inc. and Cosmopolitan Funeral Homes, Inc.

**Civ. A. No. 3678.**

United States District Court
E. D. Tennessee, S. D.

Nov. 24, 1961.

See also 192 F.Supp. 522.

440

Van Derveer, Brown & Siener, Chatta-nooga, Tenn.

Sizer Chambliss, Chattanooga, Tenn., for plaintiffs.

Clarence Kolwyck, Chattanooga, Tenn., Daniel P. Reardon, St. Louis, Mo., Geo. M. Klepper, Memphis, Tenn., for National Burial Ins. Co. National Funeral Home of Chattanooga, National Mortuary Co. and A. W. Wunderlich.

Farris, Evans & Evans, Nashville, Tenn., for Cherokee Life Ins. Co., Inc.

Davis, Boult, Hunt & Cummings, Nashville, Tenn., for Cosmopolitan Funeral Homes, Inc.

DARR, District Judge.

By proper procedural methods the sole question presented is whether the defendant, National Mortuary Company of Memphis, Tennessee, transacts business in this district so as to be subject to suit under the anti-trust laws. 15 U.S.C.A. § 22.

The National Mortuary Company of Memphis does business under the trade name of the National Funeral Home.

Another defendant in the case is the National Funeral Home of Chattanooga, Tennessee. The majority stockholder of the National Mortuary Company of Memphis and the National Funeral Home of Chattanooga is the same person. The Mortuary Company is a Tennessee corporation with funeral parlors located in Memphis, Tennessee, and is licensed to do business in the entire State of Tennessee.

The outcroppings from the proof indicate an intermixing of business by the Mortuary Company of Memphis and the National Funeral Home of Chattanooga.

The National Mortuary Company handles funerals and burials co-operatively with funeral directors in this district on an average of four or five per year and intends to and will conduct its business in the Eastern District in the future for any customer so requesting.

■ In this modern time of swift and safe transportation, distances have been shortened as to time and convenience resulting in the courts liberally construing venue statutes. If the facts offered to establish venue bring the situation within the due process clause of the Constitution, Amend. 5, the venue is proper. McGee v. International Life Insurance Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223; International Shoe Co. v. State of Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95.

■ While the transaction of business by the National Mortuary Company in this district is small, it is continuous and fairly substantial.

The conclusion is reached that the National Mortuary Company transacts business in this district.

A proper order will be submitted reflecting the conclusions herein announced.